# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ODDIE LEE MILLER, JR., | : | PRISONER HABEAS CORPUS |
|    Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| HENRY COUNTY SHERIFFS OFFICE, et al., | : | CIVIL ACTION NO. |
| | : | 1:15-CV-2316-WSD-JFK |
|    Respondent. | : | |

## UNITED STATES MAGISTRATE JUDGE'S ORDER
## AND FINAL REPORT AND RECOMMENDATION

Petitioner, Oddie Lee Miller, Jr., detained in the Henry County Jail in McDonough, Georgia, challenges his pre-trial detention on charges of failing to register as a sex offender. For the purpose of dismissal, Petitioner is **GRANTED** *in forma pauperis* status. Petitioner's motion to amend [5] is **GRANTED**, and the matter is before the Court on the petition, as amended [4, 5], for consideration under Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4"), as applied to § 2241 petitions. See Rules Governing Section 2254 Cases, Rule 1(b).

Under Rule 4, federal district courts must examine habeas petitions prior to any pleading by the respondent and "dismiss summarily any habeas petition that appears legally insufficient on its face[.]" Borden v. Allen, 646 F.3d 785, 810 (11th Cir. 2011)

(quoting McFarland v. Scott, 512 U.S. 849, 856 (1994)) (internal quotation marks omitted).

I.      **Discussion**

Petitioner challenges his confinement on charges of failing to register as a sex offender.  (Am. Pet. at 1, ECF No. 4).[1]  Petitioner complains that he was not guilty of the underlying sex-offender conviction, that he is being harassed, and that retroactive application of the sex-offender registration law is unjust.  (Id. at 4-6; Mot. to Am., ECF No. 5).  For relief, Petitioner states that he wants his life back and wants to be released.  (Am. Pet. at 6).

The general habeas statute dictates that a prisoner is entitled to habeas relief if "[h]e is in custody in violation of the Constitution or laws . . . of the United States," 28 U.S.C. § 2241(c)(3), and, in certain circumstances, allows the granting of habeas corpus relief to state pretrial detainees.  Tooten v. Shevin, 493 F.2d 173, 176 (5th Cir. 1974).  Federal relief, however, may not derail state proceedings.  Id. ("Braden came to the federal court in order to enforce Kentucky's obligation to provide him with a

---

[1] See also Henry County criminal action number SUCR2015000227 (pending on charges of failing to register as a sex offender), available at https://hcwebb.boca.co.henry.ga.us/SuperiorCMWebSearch (last visited Aug. 11, 2015).

2

forum. The Braden court carefully emphasized that nothing it said would permit the derailment of a pending state proceeding . . . ." (citing Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484 (1973))). Thus, "an attempt to dismiss an indictment or otherwise prevent a prosecution . . . [is an objective that] is normally not attainable through federal habeas corpus . . . ." Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976) (holding that, although pre-trial petitioner could seek to enforce the state's obligation to bring him promptly to trial, he could not seek dismissal of indictment).

Further, Younger precludes federal courts from exercising jurisdiction over suits aimed at restraining or seeking dismissal of pending state criminal actions. Younger v. Harris, 401 U.S. 37, 53-54 (1971). Before a federal court may stay or enjoin a state criminal prosecution, a defendant must show (1) great, immediate, and irreparable injury that cannot be addressed by a defense to a single criminal prosecution, (2) repeated and bad-faith prosecution, or (3) prosecution under a statute that flagrantly violates the Constitution. Id.; see also Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 (2004) ("When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the Younger abstention hurdles before the federal courts can grant such relief." (internal quotation marks and citation omitted)).

3

Petitioner's conclusory assertion of harassment is insufficient to demonstrate a repeated and bad-faith prosecution. Further, Petitioner does not show that he is being prosecuted under a statute that is in flagrant violation of the Constitution. The retroactive application of laws that require sex-offenders to register – of which Petitioner complains – does not violate the Constitution's Ex Post Facto Clause. See Smith v. Doe, 538 U.S. 84, 106 (2003) (concluding that the retroactive application of Alaska Sex Offender Registration Act does not violate the Ex Post Facto Clause); Rainer v. State, 286 Ga. 675, 675-676, 690 S.E.2d 827, 828 (2010) ("[S]exual offender registry requirements such as those contained in OCGA § 42-1-12 are regulatory, and not punitive, in nature. . . . 'The fact that [a defendant's] prior conviction subjects him to *possible* [future] punishment [for failing to register] . . . does not somehow convert the statute into an unconstitutional ex post facto law as applied to [him].'" (alterations and emphasis in original) (quoting Frazier v. State, 284 Ga. 638, 640, 668 S.E.2d 646, 648 (2008))).

On facing charges for failing to register as a sex offender, Petitioner faces no injury other than that normally faced in defending against a criminal prosecution. Further, Petitioner seeks unqualified release, which is unavailable in pre-trial federal habeas corpus proceedings. It is recommended that this action be dismissed.

## II.     Certificate of Appealability ("COA")

Under Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted), pet. for cert. docketed, (U.S. Aug. 4, 2015) (No. 15-5522).

> When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Damren v. Florida, 776 F.3d 816, 820 (11th Cir. 2015) (quoting Slack, 529 U.S. at 484).

5

The undersigned recommends that a COA should be denied because it is not debatable that the Court cannot provide the relief that Petitioner seeks. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III.  Conclusion

Accordingly,

**IT IS ORDERED** that Petitioner's *in forma pauperis* application [2] and motion to amend [5] are **GRANTED**.

It is **RECOMMENDED** that the instant petition and this action be **DISMISSED** and that a COA be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED** this 12th day of August, 2015.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)