IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ODDIE LEE MILLER, JR., <br><br> Petitioner, <br><br> v. <br><br> HENRY COUNTY SHERIFFS OFFICE and HENRY COUNTY SUPERIOR COURT, <br><br> Respondents. | 1:15-cv-2316-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [6] ("R&R"). The R&R recommends denial of Petitioner Oddie Lee Miller, Jr.'s ("Petitioner") petition for habeas corpus under 28 U.S.C. § 2241 ("Habeas Petition"). Also before the Court are Petitioner's Objections to the R&R [9].

### I.    BACKGROUND

Petitioner, detained in the Henry County Jail in McDonough, Georgia, challenges his pretrial detention on charges of failing to register as a sex offender. Petitioner argues that he was not guilty of the underlying sex-offender conviction, that he is being harassed, and that retroactive application of the sex-offender

registration law is unjust.  ([4] at 4-6).  Petitioner states he seeks release from pretrial detention.  (Id. at 6).

On August 12, 2015, the Magistrate Judge issued her R&R.  In it, the Magistrate Judge found that the abstention principles articulated by the United States Supreme Court in Younger v. Harris, 401 U.S. 37, 53-54 (1971) preclude the Court from exercising jurisdiction over Petitioner's state court criminal action.  (R&R at 3).  The Magistrate Judge also found that the retroactive application of laws that require sex offenders to register does not violate the Constitution's Ex Post Facto Clause.  (Id. at 4).  The Magistrate Judge recommended that a certificate of appealability ("COA") be denied, and recommended dismissal of this action.  (Id. at 5-6).

On August 31, 2015, Petitioner filed his Objections to the R&R.  Petitioner's Objections are largely incoherent.  He maintains that "in 1997 The New bill was passed that every new sex-crime committed Must Register [sic].  I am under the OLD Bill, Not the New[.]"  (Obj. at 1 (capitalizations in original)).  Petitioner states that he "object[s] to Each Ruling Made By Magistrate Judge on 8-11-15 Document."  (Id.).

**II.    DISCUSSION**

    A.    <u>Legal Standard</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).  "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."  <u>Marsden v. Moore</u>, 847 F.2d 1536, 1548 (11th Cir. 1988).

    B.    <u>Analysis</u>

Petitioner does not specifically identify any findings in the R&R to which he objects.  Petitioner offers only a general objection to the entire R&R.  The Court thus conducts its plain error review of the Magistrate Judge's R&R.  <u>See id.</u>; <u>Slay</u>, 714 F.2d at 1095.

3

The Magistrate Judge noted that Younger precludes federal courts from exercising jurisdiction over suits aimed at restraining or seeking dismissal of pending state criminal actions.  (R&R at 3).  Under Younger, a federal court may stay or enjoin a state criminal prosecution only if a petitioner shows (1) great, immediate, and irreparable injury that cannot be addressed by a defense to a single criminal prosecution, (2) repeated and bad-faith prosecution, or (3) prosecution under a statute that flagrantly violates the Constitution.  Younger, 401 U.S. at 53-54; see also Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 (2004).  The Magistrate Judge found that Petitioner's conclusory assertion of harassment is insufficient to demonstrate a repeated and bad-faith prosecution.  She also found that the retroactive application of laws that require sex offenders to register does not violate the Constitution's Ex Post Facto Clause.  (R&R at 4 (citing Smith v. Doe, 538 U.S. 84, 106 (2003))).  The Magistrate Judge also found that Petitioner does not face any injury other than that normally faced in defending against a criminal prosecution.  (R&R at 4).  The Court finds no plain error in these findings and recommendation.  See Slay, 714 F.2d at 1095.  Petitioner's Habeas Petition is denied.[1]

---

[1] Even if the Court considered Petitioner's Objections, Petitioner does not provide any additional argument or authority that could satisfy the Younger

The Magistrate Judge recommended that a COA be denied because it is not debatable that the Court cannot provide the relief that Petitioner seeks. The Court finds no plain error in these findings and recommendation. See Slay, 714 F.2d at 1095. Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Objections to the R&R [9] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [6] is **ADOPTED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

---

abstention test.

**SO ORDERED** this 29th day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE